Ral E.N. Obioha (TX SBN #24094874)
Law Office of Ral Obioha, PLLC
7324 Southwest Freeway, Suite 595
Houston, Texas 77074
Telephone: (713) 234-1100
Email: reno@ralobiohalaw.com

Counsel for Plaintiff
Obinna C. Ebikam

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| OBINNA C. EBIKAM,<br><br>    Plaintiff,<br><br>            v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, TRACY RENAUD, Acting Director of U.S. Citizenship and Immigration Services (USCIS), ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security (DHS); and MERRICK B. GARLAND, Attorney General of the United States<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND COMPLAINT UNDER ADMINISTRATIVE PROCEDURE ACT**<br><br><u>Immigration Case</u> |

## **INTRODUCTION**

COME NOW Plaintiff in the above-captioned case, by and through undersigned counsel, and file this civil action alleging the following:

1.  This is an action for declaratory and injunctive relief and in the nature of a mandamus to compel agency action that has been

unreasonably delayed and unlawfully withheld.

2. Plaintiff challenges Defendants' continued failure to properly and timely adjudicate the pending I-751 Petition to Remove Conditions on Residency filed by Plaintiff.

3. USCIS' refusal to adjudicate Plaintiff's application is a violation of its mandatory duty under the Immigration and Nationality Act, the Mandamus Act and the Administrative Procedure Act.

4. Plaintiff states the following in support of this Complaint:

## JURISDICTION AND VENUE

1. This action arises under the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§1101 *et seq.*, the Administrative Procedure Act ("APA"), 5 U.S.C. §§551 *et seq.*, and the mandamus statute, 28 U.S.C. §1361.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1346(b) (federal defendant), 5 U.S.C. § 704 (Administrative Procedure Act), and 28 U.S.C. § 1361 (mandamus). *See Anderson v. Bowen, 881 F.2d 1, 5* (2d Cir. 1989); *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir. 1972); *Koren v. Chertoff,* 2007 WL 1431948, at *3-4 (D.Conn. 2007); *Tang v. Chertoff,* 493 F.Supp.2d 148, 151-54 (D.Mass. 2007); *Linville v. Barrows,* 489 F.Supp.2d 1278, 1282 (W.D.Okla. 2007); *Duan v. Zamberry,* No. 06-1351, 2007 WL 626116, at *3 (W.D.Pa. 2007) (a determination that § 1252(a)(2)(B)(ii) mandamus

jurisdiction over failure to USCIS excessive delays in adjudicating applications "would amount to a grant of permission for inaction, and a purposeful disregard of the potential for abuse thereof, on immigration matters.").

3.  Venue is proper with this Court pursuant to 28 U.S.C. § 1391(e) because this is a civil action in which Defendants are employees or officers of the United States, acting in their official capacity; because the Plaintiff currently resides in Houston, Texas, and because there is no real property involved in this action.

## PARTIES

4.  Plaintiff Obinna Ebikam is a citizen and national of Nigeria who resides in Houston, Texas, which is within this Court's jurisdiction and venue.

5.   Defendant, United States Citizenship and Immigration Services (USCIS), is the agency responsible for adjudication of petitions for Removal of Condition on Residency that do not fall within the jurisdiction of EOIR.

6.  Defendant, Tracy Renaud, is the Director of the U.S. Citizenship and Immigration Services (USCIS), whose office address is USCIS, 20 Massachusetts Ave., NW, Washington, D.C.  20001.

7.   Defendant, Alejandro Mayorkas, is the Secretary of the Department of Homeland Security (DHS), whose office address is 245 Murray Lane, Building 410, SW, Washington, DC 20528.

8.  Defendant, Merrick B. Garland is the Attorney General of the

United States.  In this capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.  His office address is US Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530.

9.   Defendants Tracy Renaud, Alejandro Mayorkas, and Merrick B. Garland are sued in each individual's official capacity and are responsible for the adjudication of Plaintiff's petition to remove the conditions on his residency.

## **FACTUAL ALLEGATIONS**

10. Plaintiff, Obinna C. Ebikam is a native and citizen of Nigeria, born on ███████ 1988.

11.  On December 28, 2012, Plaintiff entered the United States on an F-1 student visa.

12.  On February 2, 2015, Plaintiff was granted Conditional Residency status based on an approved Form I-130 Petition filed by his U.S. Citizen wife and a currently filed Form I-485 Application to Adjust Status. See Exh. A.

13. On January 18, 2017, Plaintiff timely filed his Form I-751 Petition to Remove Conditions on Residency. Plaintiff's Form I-751 was assigned to the California Service Center. See Exh. B.

14. Plaintiff's conditional residency expired on February 2, 2017.  See

Exh. A.

15. On January 19, 2019, Plaintiff was interviewed by U.S. Citizenship and Immigration Services (USCIS) in connection with his Form I-751.  See Exh. C.

16. To date, USCIS has not adjudicated Plaintiff's I-751 Petition.

17. Since June 11, 2020, Plaintiff has submitted inquiries with multiple officials at USCIS, seeking adjudication of his application.  See Exh. D.

18. According to USCIS, other I-751 petitions filed in California Service Center are being processed in approximately 16.5 to 24 months. See Exh. E.

19. It has been 52 months since Plaintiff's petition was filed. Plaintiff's petition has been pending 100% longer than the normal processing times. See Exh. E.

20. Plaintiff has severally requested that USCIS adjudicate the petition in writing, and by phone, respectively, yet to date, USCIS has not adjudicated the petition.

21.  Plaintiff has been separated from his parents, who reside in Nigeria, and who suffer from significant health issues.  He has also been rejected by several potential employers due to the uncertainty of his immigration status.

22. USCIS is a fee-funded agency. Plaintiff paid $680 to USCIS for

processing of his Form I-751 petition. See Exh. B.

23. According to 8 U.S.C. § 1571(b),

It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184(c) of this title should be processed not later than 30 days after the filing of the petition.

Clearly, Congress did not contemplate an adjudication time of four (4) years or more.

24. Accordingly, Plaintiff is eligible for lawful permanent residence, and asks this Court to require the agency to fulfill its non-discretionary obligation to adjudicate his case.

25. Plaintiff is not asking this Court to order USCIS to approve his pending petition to remove the conditions on his residency, Plaintiff is merely asking this Court to order USCIS to adjudicate his petition.

## CAUSES OF ACTION

## COUNT ONE

**THE FAILURE OF DEFENDANTS TO ADJUDICATE PLAINTIFFS' PENDING I-751 CONSTITUTES A VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT**

26. Plaintiff incorporates the allegations in the paragraphs 1 through 26 above as though fully set forth here.

27. By failing to render a decision on Plaintiff's Form I-751, Defendants are violating the Administrative Procedure Act by unlawfully and unreasonably withholding agency action.

28. Under the Administrative Procedures Act ("APA"), 5 U.S.C. § 555(a), agencies are required to proceed with reasonable dispatch to conclude matters presented to them.  Pursuant to 5 U.S.C. § 706(1)(A), a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

29. The continuing failure of the USCIS to adjudicate Plaintiff's pending I-751 petition, filed over four years' ago violates the APA requirement that agencies proceed with reasonable dispatch to adjudicate the matters presented to them.

## COUNT TWO

### MANDAMUS

30. Plaintiff incorporates the allegations in the paragraphs 1 through 30 above as though fully set forth here.

31. The mandamus statute permits a court to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. See 28 U.S.C. § 1361.

32. Defendants have a nondiscretionary duty to adjudicate Plaintiff's petition for removal of conditions.

33. Plaintiff has no other adequate remedy available to him to compel Defendants to adjudicate his application.

## COUNT THREE

**THE FAILURE OF DEFENDANTS TO ADJUDICATE PLAINTIFFS' PENDING I-751 CONSTITUTES A VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT**

34. The allegations set forth in paragraphs 1 through 34 above are repeated and re-alleged as though fully set forth herein.

35. The actions of Defendants, in failing to adjudicate Plaintiff's pending I-751 petition deprives them of a protected interest contrary to the Due Process clause of the Fifth Amendment of the U.S. Constitution. *See INS v. Cardoza-Fonseca*, 107 S. Ct. 1207, 1219 (1987) ("The distinction between the mandatory and discretionary parts of the statute has practical significance.  What the Attorney General and his delegates must exercise is discretion.") (citations omitted).

36. Thus, numerous courts have recognized the authority of the Courts to order Defendants to adjudicate applications and petitions pending before them. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 267 (1954).  ("failure to exercise discretion is a reversible error"); *Asimakopoulos v. INS*, 445 F.2d 1362, 1365 (9th Cir. 1992) ("[t]he Board's failure to exercise discretion is reversible error"); *Doe v. United States*, 54 Fed. Cl. 404, 405 (2002) (when congress divest an agency discretion, the agency "must exercise its discretion" when deciding matters before it).

## COUNT FOUR

**THE FAILURE OF DEFENDANTS TO ADJUDICATE PLAINTIFF'S PENDING I-751 IS CAUSING AND WILL CONTINUE TO CAUSE IRREPERABLE HARM TO PLAINTIFF.**

37. The allegations set forth in paragraphs 1 through 38 above are repeated and re-alleged as though fully set forth herein.

38. The failure of Defendants to adjudicate Plaintiffs' I-751 petition constitutes irreparable harm in violation of their statutory rights.

39. Plaintiff Obinna Ebikam's status is in limbo, which equally limits his employment prospects and his ability to travel to see his ailing parents. The failure to provide Plaintiff Obinna Ebikam with a decision on his Form I-751 jeopardizes numerous rights, including the right to have petitions adjudicated.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40. Plaintiff Obinna Ebikam submitted repeated electronic, and written requests for adjudication of the pending petition with Defendants, all of which have been dismissed or ignored by Defendants.

41. There is no other venue in which to challenge Defendants' failure to adjudicate the pending I-751 petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1)     Assume jurisdiction over this matter;

(2)     Order Defendants to adjudicate Plaintiff's Form I-751 petition

        for Removal of Conditions within 30 days of the Court's order;

(3)     Award reasonable costs and attorney's fees as provided in the

        Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C.

        § 2412; and

(4)     Grant such further relief as the Court deems just and

        proper.

Dated: July 8, 2021

                                Respectfully submitted,


                                By: s/ Ral E.N. Obioha

                                Ral E.N. Obioha (TX SBN #24094874)

                                Law Office of Ral Obioha, PLLC.

                                7324 Southwest Fwy, Suite 595

                                Houston, TX 77074

                                Telephone: (713) 234-1100

                                Email: reno@ralobiohalaw.com

**TABLE OF EXHIBITS**

**Exhibit A:** Copy of Plaintiff's Conditional Residency Card

**Exhibit B:** Receipt Notice, Form I-751, Petition to Remove Conditions on Residency

**Exhibit C:** Interview Notice, Form I-751, Petition to Remove Conditions on Residency

**Exhibit D:** USCIS Case Status Inquiries

**Exhibit E:** USCIS Current Posted Processing Times, California Service Center

## ATTORNEY VERIFICATION

I, <u>Ral E.N. Obioha</u>, authorized representative of Plaintiff, affirm under penalty of perjury that:

The statement of facts contained in the Complaint are true my knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters, I believe them to be true.

Dated:        Houston, Texas     July 8, 2021

Respectfully submitted,

_____

Ral E.N. Obioha, Esq. LLM
Counsel for Obinna C. Ebikam

Law Office of Ral Obioha, PLLC
7324 Southwest Fwy, Suite 595
Houston, TX 77074
(713) 234-1100 (phone)
(832) 213-1110 (fax)
reno@ralobiohalaw.com